UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

February 7, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Yonas A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-775-BAH

Dear Counsel:

Before the Court is Plaintiff's motion seeking payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,109.33. ECF 14, at 1. The Commissioner opposes the request and argues that a more appropriate award would total $2,794.41. ECF 15, at 7. For the reasons noted below, Plaintiff's motion is DENIED without prejudice.

"Disputes over EAJA petitions between [the Olinsky Law Group] and Defendant are becoming increasingly too common." *Catisha W. v. Kijakazi*, No. 21-1567-BAH, 2022 WL 16839564, at *3 (D. Md. Nov. 9, 2022). For this reason, I have previously ordered that in cases involving attorneys from the Olinsky Law Group, counsel must confer before the filing of future EAJA petitions in an effort to minimize time spent litigating the issue of compensation. *Id.* A week before the filing of Plaintiff's motion, Judge Gallagher similarly ordered that in cases involving the Olinsky Law Group, counsel must "confer *before* the filing of future EAJA petitions in an effort to minimize time spent litigating the issue." *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *4 (D. Md. Jan. 17, 2023) (emphasis in original). "If a dispute arises over payment," Judge Gallagher directed that Plaintiff's counsel "must affirm in its motion seeking fees that it has consulted with counsel for Defendant and should explain, in detail, what disputes remain between the parties." *Id.*

Plaintiff's counsel here hails from the Olinsky Law Group and thus is subject to the Court's requirements noted above. However, Plaintiff's motion states only that a copy of Plaintiff's motion was "sent" to opposing counsel who "consents/does not consent" to the relief requested therein. ECF 14, at 2. Putting aside the failure to identify opposing counsel's position in the motion, there is no indication that counsel for the parties conferred before the filing of the EAJA motion.[1] Accordingly, the motion is DENIED without prejudice.

In accordance with Judge Gallagher's instructions, counsel must consult with one another before the filing of a subsequent motion for fees under the EAJA and affirm in that filing that the mandated conversation has taken place. If the conversation yields no agreement as to the correct sum to be awarded, Plaintiff's counsel should explain, *in detail*, what disputes remain between the

---

[1] Indeed, counsel's billing records do not reflect that any such conversation occurred. ECF 14-4, at 2.

*Yonas A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-775-BAH
February 7, 2023 Letter Opinion
Page 2

parties.

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.

                                   Sincerely,

                                   /s/

                                 Brendan A. Hurson
                                 United States Magistrate Judge