UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

February 28, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Yonas A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-775-BAH

Dear Counsel:

Before the Court is Plaintiff's amended motion seeking payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,109.33. ECF 17, at 1. The Commissioner opposes the request and argues that a more appropriate award would total $2,794.41. ECF 18, at 8.[1] Plaintiff filed a reply seeking $4,819.39, which represents an increase in the original request for fees to account for an additional 3.1 hours spent drafting the reply. ECF 19, at 9. For the reasons noted below, Plaintiff's Amended Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $2,597.60 in attorney's fees.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the District Court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, it must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the District Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the

---

[1] An earlier request for the same fees was denied without prejudice because the parties failed to confer prior to the filing of that motion and failed to identify the Government's position on the motion. *See* ECF 16. Despite consulting, the parties were still unable to come an agreement on fees, thus again requiring the Court's involvement.

*Yonas A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-775-BAH
February 28, 2023 Letter Opinion
Page 2

EAJA.  ECF 18, at 2.  The Commissioner agrees with Plaintiff's proposed hourly rates of $229.05[2] per hour for attorney work performed in 2022.  *Id.*  The Commissioner contends, however, that Plaintiff seeks compensation for tasks that were "not reasonably expended and are not properly billable."  *Id.*  The Commissioner acknowledges that the requested fee award "is within the 'heartland' of recent fee awards in this District for similar cases."  *Id.* at 4 (citing *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022).  Nevertheless, the Commissioner argues that "the requested fees . . . extends well into the heartland without a reasonable basis."  *Id.*  I will address the Commissioner's objections below.

First, the Commissioner notes that this case was "routine" and had a relatively short administrative record.  *Id.* at 4.  The Commissioner challenges as excessive the 14 hours Plaintiff spent "reviewing the certified record and taking notes" and "researching issues and drafting arguments."  *Id.* at 5.  I agree.

Plaintiff's memorandum of law numbers just over twelve pages of arguably compensable work.  Plaintiff does not seek compensation for drafting the "procedural history" or the "facts."  ECF 17-3, at 2.[3]  The "Procedural Status" section of Plaintiff's brief numbers two pages.  *See* ECF 10-1, at 1–2.  Though the brief does not include a "facts" section, Plaintiff clarifies in his reply brief that the "facts" section referenced in the billing records is the portion of the brief including "the evaluation conducted by Dr. Rosse and two opinions related to Plaintiff's mental limitations." ECF 19, at 4.  The Court assumes that Plaintiff refers to the "Relevant Medical Evidence" and "Relevant Opinion Evidence" sections that comprise 3 pages of the brief.  *Id.* at 3–5.  Thus, Plaintiff avers that it took nearly two full workdays to review, research, and draft approximately 7 pages of argument, large portions of which are very similar to other briefs filed in other cases that likely took mere moments to cut and paste.[4]  Given the nature of this specific case, the Court finds this amount to be unreasonable.[5]

At minimum, Plaintiff has failed to explain what portion of these hours are devoted to what specific tasks.  *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d

---

[2] The calculation table in Plaintiff's attorney affirmation reflects an hourly rate of $229.05.  ECF 14-1, at 2.  The total fee requested was calculated using this amount.  *Id.*  Plaintiff also used this rate to calculate fees for time spent drafting his Reply.  ECF 19, at 9.  Plaintiff's CPI calculation table, however, reflects an hourly rate of $232.67.  ECF 17-3, at 2.  Because Plaintiff has calculated his attorney's fees using the $229.05 rate, the Court will as well.

[3] Page citations refer to the CM/ECF-generated page numbers printed in the top right corner of the page.

[4] There is nothing improper about recycling suitable legal argument from earlier filings.  However, Plaintiff must obviously discount the time spent drafting a brief for time saved through the efficient use of the copy and paste function.

[5] Indeed, Plaintiff concedes that it took only 3.1 hours to research, draft, and review the reply brief on the attorney's fees issue—a fact-intensive brief totaling 9 pages.  ECF 19, at 9.

Case 8:22-cv-00775-BAH   Document 20   Filed 02/28/23   Page 3 of 4

*Yonas A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-775-BAH
February 28, 2023 Letter Opinion
Page 3

1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. July 17, 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."). For example, Plaintiff bills 6.1 hours for "researching issues" and "drafting arguments." ECF 17-3, at 2. Since this billing entry does "not differentiate between the time allotted to the different tasks performed," I cannot "assess whether the time he allotted to 'legal research' comports with the amount of research used in the briefing." *Larry W. v. Soc. Sec. Admin.*, No. SAG-19-3089, 2021 WL 2685364, at *2 (D. Md. June 30, 2021). Moreover, Plaintiff filed no reply brief and incorporated arguments previously made in other cases. *Id.* at *2 ("The arguments presented here are those frequently made by appellants in these matters and the size of the appellate record is small to moderate, making it less time consuming to apply the well-known legal standards to the particular facts of this case."). For example, one of Plaintiff's two arguments[6] alleged the failure to provide a "narrative discussion" and thus likely recycled briefing citing well-established caselaw. *See* ECF 10-1, at 9–13 (citing *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021)). For these reasons, I reduce Plaintiff's compensable hours by 3.

I similarly struggle to find reasonable the request for 7.9 attorney hours to review a relatively simple administrative record. *See* ECF 7 (totaling 853 pages). This is particularly true when Plaintiff's argument cites to only a handful of pages related to medical records. ECF 10-1, at 9–13 (supporting Plaintiff's argument with reference to "Tr. 644-650," which constitutes one medical opinion numbering less than 5 pages). The additional claim is that the ALJ failed to provide a "narrative discussion," an argument that rests solely on a review of the ALJ's decision itself which numbers just under 13 pages. *See* Tr. 15–28 (ALJ Decision). I will reduce Plaintiff's counsel's compensable time by an additional 3 hours.[7]

The Court chooses not to revisit its previous position that the arguably clerical work cited by Defendant is nonetheless compensable. ECF 18, at 6–7 (citing *April J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *4 (D. Md. Sept. 2, 2022)). I also find that the time billed for communication between counsel and client is reasonable in this case. However, I am compelled to address the 6 minutes billed for "reviewing the memorandum opinion to grant Defendant's motion to remand case for further proceedings." ECF 17-3, at 3. The motion for remand in this

---

[6] Plaintiff's Memorandum of Law in Support of a Motion for Summary Judgment erroneously numbers the arguments as "1" and "3," though there is no argument numbered "2." ECF 10-1, at 3, 6.

[7] I note that the theory behind why claimants may bill for tasks such as "[c]ombin[ing], OCR[ing], and Live Bookmark[ing] Federal Court Transcript," ECF 17-3, at 2, is that it streamlines other tasks, including reviewing the administrative record. Thus, it is unreasonable to bill for both time spent performing the efficiency-promoting task and for an inefficient amount of time reviewing the record.

Case 8:22-cv-00775-BAH   Document 20   Filed 02/28/23   Page 4 of 4

*Yonas A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-775-BAH
February 28, 2023 Letter Opinion
Page 4

case was opposed by Plaintiff "due to lack of further instructions in the Remand Order." ECF 12, at 1. As the Court noted in its Order granting the motion, Plaintiff offered no argument in support of, or further explanation of, his vague objection to the relief he had requested in his original motion. ECF 13, at 1. As such, I find it unreasonable to compensate Plaintiff's counsel for the review of an order that did little more than detail Plaintiff's failure to articulate a reasonable challenge to the exact relief Plaintiff requested. *Id.*[8] The fee request will be reduced by an additional 0.1 hours.

I also decline to compensate Plaintiff for a half hour of work performed on January 25, 2023, creating components of a Motion for Attorney's Fees because that motion failed to comport with the Court's instructions. *See* ECF 16, at 1. As this Court has repeatedly noted, disputes over fee petitions involving the Olinsky Law Group represent the bulk of such disagreements in this district. *Id.* As such, fee petitions from this firm are subject to strict requirements to consult with opposing counsel before the filing of a motion under the EAJA and, if the conversation yields no agreement as to the correct sum to be awarded, to explain what disputes remain between the parties. *Id.* Here, counsel did eventually speak with one another about Plaintiff's fees after the Court rejected Plaintiff's first fee petition, but apparently traded dollar amounts in a back and forth that appears to be totally unmoored from any specific billing entries.[9] In the future, the parties should engage in a meaningful dialogue over what specific entries are in dispute and seek to come to a reasonable compromise on the hours expended on particular tasks.

I similarly decline to compensate counsel for time spent litigating the fees in this case, a task that, as noted, has become far too routine in cases involving Plaintiff's law firm. Though the Court unquestionably is permitted to do so as it exercises its "substantial discretion [to] fix[] the amount of an EAJA award," I find that such compensation unnecessary in this case to achieve a "reasonable" final reward. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

With the above-noted reductions of 6.6 attorney hours in 2022, Plaintiff's requested compensation is reduced by $1,511.73 (6.6 × $229.05). The result is a final award of $2,597.60. A separate implementing Order follows.

                                Sincerely,

                                /s/

                                Brendan A. Hurson
                                United States Magistrate Judge

---

[8] Plaintiff's Reply brief in support of the fee petition does provide a reason for the opposition to the motion to remand. ECF 19, at 8. However, no such explanation was provided when the issue was properly before the Court.

[9] The Court ignores the references in both parties' filings to specific details of the negotiations as they provide little help in determining whether Plaintiff's fee request is reasonable.